**UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION**

ROOSEVELT BRYANT PRESCOTT,

    Petitioner,

v.                                                                                                Civil No. 2:14-CV-13220-DT

LORI GIDLEY,

    Respondent,
_____/

**OPINION AND ORDER DISMISSING THE PETITION FOR WRIT OF HABEAS CORPUS AND DECLINING TO ISSUE A CERTIFICATE OF APPEALABILITY**

Petitioner Roosevelt Bryant Prescott incarcerated at the Oaks Correctional Facility in Manistee, Michigan, seeks the issuance of a writ of habeas corpus pursuant to 28 U.S.C. § 2254.  In his *pro se* application, Petitioner challenges his conviction for second-degree murder,[1] and possession of a firearm in the commission of a felony (felony-firearm), third offense.[2]  Respondent filed a motion for summary judgment, contending that the petition was not timely filed in accordance with the statute of limitations contained in 28 U.S.C. § 2244 (d)(1).  Petitioner did not file a response to the motion.  For the reasons stated below, the petition for writ of habeas corpus will be summarily dismissed pursuant to 28 U.S.C. § 2244(d)(1).

---

    [1]  Mich. Comp. Laws § 750.317; Mich. Stat. Ann. 28.549.

    [2]  Mich. Comp. Laws § 750.227b; Mich. Stat. Ann. 28.424(2).

1

## I. BACKGROUND

### A. The Habeas Petition

Petitioner was originally charged with first-degree murder, fleeing and eluding, felon in possession of a firearm, felony-firearm, third offense and being an habitual offender. On November 2, 2011, Petitioner pleaded guilty in the Wayne County Circuit Court to a reduced charge of second-degree murder with a sentence agreement of sixteen to thirty-five years and to the felony-firearm charge, in exchange for which the other charges were dismissed. On November 17, 2011, Petitioner was sentenced to sixteen to thirty-five years in prison on the second-degree murder conviction and ten years in prison on the felony-firearm conviction.

Petitioner did not file an appeal from his conviction.

On March 29, 2013, Petitioner filed a post-conviction motion for relief from judgment with the Wayne County Circuit Court, which was denied. *People v. Prescott,* No. 11-008344-01-FC (Third Circuit Court of Michigan, July 8, 2013). The Michigan Court of Appeals denied Petitioner leave to appeal. *People v. Prescott*, No. 317652 (Mich.Ct.App. November 5, 2013). On June 24, 2014, the Michigan Supreme Court denied Petitioner leave to appeal. *People v. Prescott,* 847 N.W.2d 645 (Mich. 2014).

Petitioner's habeas petition was signed and dated August 15, 2014, and filed with the court on August 20, 2014.[3]

---

[3] Under the prison mailbox rule, the court assumes that Petitioner actually filed his habeas petition on August 15, 2014, the date that it was signed and dated. *See Towns v. U.S.,* 190 F. 3d 468, 469 (6th Cir. 1999).

## II. DISCUSSION

In Respondent's Motion for Summary Judgment, she asserts the petition for writ of habeas corpus should be dismissed because it was not filed within the one year statute of limitations. Petitioner did not file a response in opposition to this motion, and the court agrees with Respondent's position.

Summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." *Sanders v. Freeman,* 221 F. 3d 846, 851 (6th Cir. 2000)(quoting Federal Rule of Civil Procedure 56(c)). To defeat a motion for summary judgment, the non-moving party must set forth specific facts sufficient to show that a reasonable factfinder could return a verdict in his favor. *Id.* The summary judgment rule applies to habeas proceedings. *See Redmond v. Jackson,* 295 F. Supp. 2d 767, 770 (E.D. Mich. 2003).

28 U.S.C. § 2244(d) imposes a one-year statute of limitations upon petitions for habeas relief:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of--
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed if the applicant was prevented from filing by such State action;
> (C) the date on which the constitutional right asserted was originally recognized by the Supreme Court if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on

collateral review; or
(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

Although not jurisdictional, the AEDPA's one year limitations period "effectively bars relief absent a showing that the petition's untimeliness should be excused based on equitable tolling and actual innocence." *See Akrawi v. Booker,* 572 F. 3d 252, 260 (6th Cir. 2009). A petition for writ of habeas corpus must be dismissed where it has not been filed within the one year statute of limitations. *See Holloway v. Jones,* 166 F. Supp. 2d 1185, 1187 (E.D. Mich. 2001).

The court must initially determine when Petitioner's conviction became "final," in order to determine when the limitations period began running. *See Williams v. Wilson*, 149 F. App'x 342, 345 (6th Cir. 2005). For purposes of commencing the one year limitations period pursuant to § 2244(d)(1)(A), a state-court judgment becomes "final" when direct review by the state court ends or when the time to seek direct review expires, whichever comes later. *See Wilberger v. Carter*, 35 F. App'x 111, 114 (6th Cir. 2002).

Petitioner was sentenced on November 17, 2011. Petitioner had six months after his sentence pursuant to M.C.R. 7.205(F)(3) to file a delayed application for leave to appeal. Because Petitioner never filed a direct appeal from his conviction and sentence, his judgment of sentence became final, for the purposes of § 2244(d)(1)(A), six months after the sentencing, when the time limit for filing a direct appeal in the Michigan Court of Appeals expired pursuant to M.C.R. 7.205(F)(3). *See Williams v. Birkett*, 670 F.3d 729, 731 (6th Cir. 2012). Petitioner's conviction therefore became

final on May 17, 2012. Petitioner had until May 17, 2013 to timely file a petition for writ of habeas corpus with this court, unless the limitations period was somehow tolled.

Under 28 U.S.C. § 2244(d)(2), the time during which a properly filed application for state post-conviction relief or other collateral review is pending shall not be counted towards the period of limitations contained in the statute. *See McClendon v. Sherman,* 329 F.3d 490, 493-94 (6th Cir. 2003). A post-conviction application remains pending in the state courts, for purposes of § 2244(d)(2), until it "has achieved final resolution through the state's post-conviction procedures." *Carey v. Safford,* 536 U.S. 214, 220 (2002). Here, Petitioner filed his post-conviction motion for relief from judgment in state court on March 29, 2013, after three hundred and fifteen days had elapsed under the statute of limitations. The tolling of the AEDPA's one year statute of limitations ended in this case when the Michigan Supreme Court denied Petitioner's application for leave to appeal the denial of his motion for relief from judgment on June 24, 2014. *See Hudson v. Jones*, 35 F. Supp. 2d 986, 988-89 (E.D. Mich. 1999). Petitioner had fifty days remaining from this date, which would have been no later than August 13, 2014, to timely file his petition with this Court. Because the instant petition was not filed until two days later on August 15, 2014, the petition is untimely and was not filed in compliance with the AEDPA's one year statute of limitations.

The AEDPA's statute of limitations "is subject to equitable tolling in appropriate cases." *Holland v. Florida*, 560 U.S. 631, 645 (2010). The burden is on a habeas petitioner to show that he or she is entitled to the equitable tolling of the one year limitations period. *See Robertson v. Simpson*, 624 F.3d 781, 784 (6th Cir. 2010).

Petitioner is not entitled to equitable tolling of the one year limitations period. Petitioner wholly failed to respond to the Motion for Summary Judgment, and thus provides no argument that the circumstances of his case warrant equitable tolling. *See Giles v. Wolfenbarger,* 239 F. App'x 145, 147 (6th Cir. 2007).

The one year statute of limitations may be equitably tolled based upon a credible showing of actual innocence under the standard enunciated in *Schup v. Delo,* 513 U.S. 298 (1995). *McQuiggin v. Perkins*, 133 S. Ct. 192, 1928 (2013). The Supreme Court has cautioned that "tenable actual-innocence gateway pleas are rare[.]" *Id.* "[A] petitioner does not meet the threshold requirement unless he persuades the district court that, in light of the new evidence, no juror, acting reasonably, would have voted to find him guilty beyond a reasonable doubt." *Id.* (quoting *Schlup,* 513 U.S. at 329). Moreover, in determining whether petitioner makes out a compelling case of actual innocence, so as to toll the AEDPA's limitations period, "'the timing of the [petition]' is a factor bearing on the 'reliability of th[e] evidence' purporting to show actual innocence." *Id.* (quoting *Schlup,* 513 U.S. at 332). For an actual innocence exception to be credible under *Schlup*, such a claim requires a habeas petitioner to support his or her allegations of constitutional error "with new reliable evidence--whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence--that was not presented at trial." *Schlup*, 513 U.S. at 324.

Petitioner's case falls outside of the actual innocence tolling exception, because Petitioner presents no new, reliable evidence to establishing he is actually innocent of the crime charged. *See Ross v. Berghuis,* 417 F. 3d 552, 556 (6th Cir. 2005). Any

actual innocence exception to AEDPA's statute of limitations is particularly inapplicable, in light of the fact that Petitioner pleaded guilty to the charges that he challenges in this petition. *See Reeves v. Cason,* 380 F. Supp. 2d 883, 885 (E.D. Mich. 2005). Petitioner fails to offer "new reliable evidence" that is "so strong that a court cannot have confidence in the outcome" of his guilty plea. *See Connolly v. Howes,* 304 F. App'x 412, 419 (6th Cir. 2008).

### B. A Certificate of Appealability

Before Petitioner may appeal this decision, a certificate of appealability must issue. See 28 U.S.C. § 2253(c)(1)(a); Fed. R.App. P. 22(b). A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). When a district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claims, a certificate of appealability should issue, and an appeal of the district court's order may be taken, if the petitioner shows that jurists of reason would find it debatable whether the petitioner states a valid claim of the denial of a constitutional right, and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling. *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). When a plain procedural bar is present and the district court is correct to invoke it to dispose of the case, a reasonable jurist could not conclude either that the district court erred in dismissing the petition or that the petition should be allowed to proceed further. In such a circumstance, no appeal would be warranted. *Id.* "The district court must issue or deny a certificate of appealability when it enters a final order adverse to the

applicant." Rules Governing § 2254 Cases, Rule 11(a), 28 U.S.C. foll. § 2254.

The court denies Petitioner a certificate of appealability, because reasonable jurists would not find it debatable whether the court was correct in determining that Petitioner filed his habeas petition outside of the one year limitations period. *See Grayson v. Grayson,* 185 F. Supp. 2d 747, 753 (E.D. Mich. 2002).

### III. CONCLUSION

IT IS ORDERED that Respondent's unopposed Motion for Summary Judgment (Dkt. # 6) is GRANTED.

IT IS FURTHER ORDERED that the court DECLINES to issue a certificate of appealability.

       s/Robert H. Cleland  
       ROBERT H. CLELAND  
       UNITED STATES DISTRICT JUDGE

Dated:  August 17, 2015  
I hereby certify that a copy of the foregoing document was mailed to counsel of record on this date, August 17, 2015, by electronic and/or ordinary mail.

       s/Lisa Wagner  
       Case Manager and Deputy Clerk  
       (313) 234-5522