UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ROOSEVELT BRYANT PRESCOTT,

    Petitioner,

v.                                        Case No. 14-13220

LORI GIDLEY,

    Respondent.

                                          /

**OPINION AND ORDER DENYING PETITIONER'S RULE 60(D) MOTION FOR RELIEF FROM JUDGMENT AND DECLINING TO ISSUE A CERTIFICATE OF APPEALABILITY**

On August 17, 2015, the court issued an opinion and order granting Respondent's motion to dismiss the petition for writ of habeas corpus on the ground that the petition had not been filed in compliance with the one year statute of limitations contained in 28 U.S.C. § 2244(d)(1). The court also denied Petitioner a certificate of appealability. *Prescott v. Gidley*, No. 2:14-CV-13220-DT, 2015 WL 4887616 (E.D. Mich. Aug. 17, 2015).

Petitioner has filed a Rule 60(d) "Motion for Relief from Judgment." (Dkt. # 11.) For the reasons that follow, the motion will be denied.

## I. DISCUSSION

**A.  The Rule 60(d) motion for relief from judgment and independent action.**

Petitioner argues that the court erred in dismissing his habeas petition on statute of limitations grounds because Petitioner claims to be actually innocent of the charges that he pleaded guilty to. The court disagrees.

1

The Sixth Circuit has found that the indisputable elements of an independent action for relief from judgment are:

> (1) a judgment which ought not, in equity and good conscience, to be enforced; (2) a good defense to the alleged cause of action on which the judgment is founded; (3) fraud, accident, or mistake which prevented the defendant in the judgment from obtaining the benefit of his defense; (4) the absence of fault or negligence on the part of the defendant; and the absence of any adequate remedy at law.

*Mitchell v. Rees,* 651 F. 3d 593, 595 (6th Cir. 2011). More importantly, an independent action pursuant to Federal Rule of Civil Procedure 60 is "available only to prevent a grave miscarriage of justice." *Id.* (quoting *United States v. Beggerly*, 524 U.S. 38, 47 (1998)). In the context of a habeas or habeas type case, in order to establish that relief is required to prevent a grave miscarriage of justice, so as to maintain an independent action pursuant to Fed. Rule Civ. P. 60, a habeas petitioner must make a strong showing of his or her actual innocence. *Id,* at pp. 595-96 (citing *Calderon v. Thompson*, 523 U.S. 538, 557–58 (1998); *Sawyer v. Whitley*, 505 U.S. 333, 339 (1992)).

Petitioner is not entitled to maintain an independent action for relief from judgment pursuant to Rule 60(d) for several reasons.

First, Petitioner is not entitled to bring an independent action under Rule 60(d) because he previously had opportunities to bring his actual innocence allegations to the attention of this court and failed to do so. *See Mitchell,* 651 F. 3d at 598-99. Petitioner filed a petition for writ of habeas corpus along with several attachments. (See Dkt. # 1). Nowhere in these pleadings did Petitioner present evidence of telephone records or other evidence that would establish an alibi for him. Although Petitioner claims in his motion for relief from judgment that he was never informed that he could respond to Respondent's motion for summary judgment, the responsive pleading order signed by

2

Magistrate Judge Whalen on August 26, 2014 indicated: "Petitioner shall have **45 days** from the date of the responsive pleading to file a reply." (Dkt. # 3)(emphasis original). Petitioner was therefore on notice that he could file a response to the motion for summary judgment and thus had another opportunity to present his actual innocence claim.

Secondly, Petitioner has failed to show that a fraud has been committed upon the court. The elements of fraud upon the court consists of conduct (1) on the part of an officer of the court; (2) that is directed to the "judicial machinery" itself; (3) that is intentionally false, wilfully blind to the truth, or is in reckless disregard for the truth;(4) that is a positive averment or is concealment when one is under a duty to disclose; and, (5) that deceives the court. *Demjanjuk v. Petrovsky,* 10 F. 3d 338, 348 (6th Cir. 1993).

Petitioner has presented no evidence to this court that the attorneys representing the State of Michigan carried out a deliberate or reckless fraud on the federal district court, so as to entitle him to relief from judgment based upon a fraud committed upon this court. *See Alley v. Bell,* 392 F. 2d 822, 831 (6th Cir. 2004). To the extent that Petitioner alleges that the Wayne County Prosecutor somehow committed fraud by failing to turn over the telephone records to the defense until the first day of trial, this would not satisfy the "fraud on the court" element. In order for a claim of fraud on the court to succeed, so as to permit relief from a state conviction pursuant to Rule 60, "the fraud must have been committed by an officer of the federal habeas trial or appellate courts." *Buell v. Anderson,* 48 F. App'x 491, 499 (6th Cir. 2002) (citing *Workman v. Bell*, 227 F.3d 331, 336, 341 (6th Cir. 2000)(*en banc*)). Because the state court prosecutor was not acting as an officer of the federal habeas court, the "fraud upon the court"

3

exception does not apply to permit Petitioner to maintain an independent action for relief from judgment. *Id.*

Petitioner is also not entitled to maintain an independent action for relief from judgment to challenge his state criminal court conviction because he failed to show that there has been a grave miscarriage of justice in his case. *Mitchell,* 651 F. 3d at 599. Petitioner's case falls outside of the actual innocence tolling exception to the AEDPA's statute of limitations, because Petitioner presented no new, reliable evidence to establish that he was actually innocent of the crime charged. *See Ross v. Berghuis,* 417 F. 3d 552, 556 (6th Cir. 2005). Petitioner failed to present to this court at any time the telephone records that he claims would establish his innocence. Petitioner is not entitled to have the limitations period tolled because other than his unsupported, self-serving statements, Petitioner has offered no affidavits or other documentary evidence in support of his claim of actual innocence. *See Herbert v. Jones,* 351 F. Supp. 2d 674, 678-79 (E.D. Mich. 2005). Any actual innocence exception is particularly inapplicable, in light of the fact that Petitioner pleaded guilty to the charges that he challenges in this petition. *See Reeves v. Cason,* 380 F. Supp. 2d 883, 885 (E.D. Mich. 2005). The Rule 60(d) motion for relief from judgment will be denied..

### B. A certificate of appealability

Before Petitioner may appeal this decision, a certificate of appealability must issue. See 28 U.S.C. § 2253(c)(1)(a); Fed. R. App. P. 22(b). A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). When a district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying

constitutional claims, a certificate of appealability should issue, and an appeal of the district court's order may be taken, if the petitioner shows that jurists of reason would find it debatable whether the petitioner states a valid claim of the denial of a constitutional right, and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling. *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). When a plain procedural bar is present and the district court is correct to invoke it to dispose of the case, a reasonable jurist could not conclude either that the district court erred in dismissing the petition or that the petition should be allowed to proceed further. In such a circumstance, no appeal would be warranted. *Id.* "The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Rules Governing § 2254 Cases, Rule 11(a), 28 U.S.C. foll. § 2254.  A certificate of appealability is required for a habeas petitioner to appeal the denial of a Rule 60(d) motion for an independent action. *See e.g. Mitchell,* 651 F. 3d at 594.

Petitioner is not entitled to a certificate of appealability from the denial of his Rule 60(d) motion, because he failed to make a substantial showing of the denial of a constitutional right or that this court's procedural ruling was incorrect.

## II. CONCLUSION

IT IS ORDERED that Petitioner Roosevelt Bryant Prescott's "Motion For Relief From Judgment" [Dkt. # 11] is DENIED.

This court DECLINES to issue a certificate of appealability.

                                            s/Robert H. Cleland
                                            ROBERT H. CLELAND
                                            UNITED STATES DISTRICT JUDGE

Dated:  June 30, 2016

I hereby certify that a copy of the foregoing document was mailed to counsel of record on this date, June 30, 2016, by electronic and/or ordinary mail.

                                            s/Lisa Wagner
                                            Case Manager and Deputy Clerk
                                            (313) 234-5522